1   HOGAN LOVELLS US LLP
    Michele W. Sartori (Admitted *Pro Hac Vice*)
2   James R. Johnson (Admitted *Pro Hac Vice*)
    555 Thirteenth Street, N.W.
3   Washington, D.C.  20004
    Telephone:  (202) 637-5600
4   Facsimile:  (202) 637-5910
    michele.sartori@hoganlovells.com
5   james.johnson@hoganlovells.com

6   HOGAN LOVELLS US LLP
    Stephanie Yonekura (Bar No. 187131)
7   Jordan D. Teti (Bar No. 284714)
    1999 Avenue of the Stars, Suite 1400
8   Los Angeles, California  90067
    Telephone:  (310) 785-4600
9   Facsimile:   (310) 785-4601
    stephanie.yonekura@hoganlovells.com
10  jordan.teti@hoganlovells.com

11  *Attorneys for Defendant*
    Med-Pharmex, Inc.
12

13                 **UNITED STATES DISTRICT COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15

16  UNITED STATES OF AMERICA,          Case No.:  2:20-cv-09844-JAK-AFM

17             Plaintiff,              **STIPULATED [PROPOSED]
                                       PROTECTIVE ORDER**[1]
18       v.

19  MED-PHARMEX, INC., a
    corporation, GERALD P. MACEDO
20  and VINAY M. RANGNEKAR,
    PH.D., individuals
21
               Defendants.
22

23

24

25

26

27  ─────────────────────
    [1] This Stipulated [Proposed] Protective Order is based substantially on the model
28  protective order provided under Magistrate Judge Alexander F. MacKinnon's
    Procedures.

                                        1

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure may be warranted. Accordingly, Plaintiff United States of America ("United States") and Defendants Med-Pharmex, Inc. ("Med-Pharmex"), Gerald P. Macedo, and Vinay M. Rangnekar, Ph.D. (together, the "Parties"; each individually, a "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, technical and/or proprietary information for which special protection from public disclosure is warranted. Such confidential and proprietary materials and information consist of, among other things, Med-Pharmex's confidential business or financial information, information regarding Med-Pharmex's confidential business practices, or other confidential manufacturing, research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Such confidential materials and information may also consist of, among other things, highly personal information that is not generally disclosed to the public by that Party or person, including but not limited to social security numbers, dates of birth, financial account numbers, passwords, and home addresses.  In addition, the United States acknowledges that the Trade Secrets Act, the Federal Food, Drug, and Cosmetic Act (FDCA), and FDA regulations protect trade secrets and confidential commercial information. *See* 18 U.S.C. § 1905; 21

1  U.S.C. § 331(j); 5 U.S.C. § 552; 21 C.F.R. Parts 20 and 21.  Accordingly, to

2  expedite the flow of information, to facilitate the prompt resolution of disputes over

3  confidentiality of discovery materials, to adequately protect information the Parties

4  are entitled and/or required to keep confidential, to ensure that the Parties are

5  permitted reasonable necessary uses of such material in preparation for and in the

6  conduct of trial, to facilitate compliance with Local Civil Rule 79-5 regarding the

7  sealing of documents, and to serve the ends of justice, a protective order for such

8  information is justified in this matter. It is the intent of the Parties that information

9  will not be designated as confidential for tactical reasons and that nothing be so

10  designated without a good faith belief that it has been maintained in a confidential,

11  non-public manner, and there is good cause why it should not be part of the public

12  record of this case.

13      C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER
14             SEAL

15      The Parties further acknowledge, as set forth in Section 10.3, below, that this

16  Stipulated Protective Order does not entitle them to file confidential information

17  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

18  and the standards that will be applied when a Party seeks permission from the court

19  to file material under seal.

20      There is a strong presumption that the public has a right of access to judicial

21  proceedings and records in civil cases. In connection with non-dispositive motions,

22  good cause must be shown to support a filing under seal. *See Kamakana v. City and

23  County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors

24  Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,

25  Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

26  require good cause showing), and a specific showing of good cause or compelling

27  reasons with proper evidentiary support and legal justification, must be made with

28  respect to Protected Material that a Party seeks to file under seal. The Parties' mere

designation of Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the CONFIDENTIAL portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1    Action: the above-captioned action, *United States of America v. Med-Pharmex, Inc., et al.*, Case No.: 2:20-cv-09844-JAK-AFM.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

- 4 -

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff, in-house contractors, and professional litigation-support vendors); attorneys in the United States Department of Justice (as well as their support staff, in-house contractors, and professional litigation-support vendors); and attorneys in the United States Department of Health and Human Services Office of the General Counsel, including attorneys in the Food and Drug Administration Office of the Chief Counsel (as well as their support staff, in-house contractors, and professional litigation-support vendors).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and FDA employees who serve as expert witnesses or consultants for the United States in this Action

2.8     In-House Counsel: attorneys who are employees of a Defendant to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Defendant to this Action but are retained to represent or advise a Defendant to this

- 5 -

Action and have appeared in this Action on behalf of that Defendant or are
affiliated with a law firm that has appeared on behalf of that Defendant, and
includes support staff.

2.11   <u>Party</u>: any Party to this Action, including all of its officers, directors,
or employees.

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Discovery
Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation
support services (e.g., photocopying, videotaping, translating, preparing exhibits or
demonstrations, and organizing, storing, or retrieving data in any form or medium)
and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Discovery Material that is designated as
"CONFIDENTIAL."  Also, in FDA's regulatory oversight of Med-Pharmex and
apart from discovery in this Action, FDA has received (and may receive in the
future) certain documents and information from Med-Pharmex.  To the extent that
those documents or information contain trade secrets and/or confidential
commercial information protected by 18 U.S.C. § 1905, 5 U.S.C. § 552; 21 U.S.C.
§ 331(j), and/or 21 C.F.R. Parts 20 and 21, those documents or information shall be
subject to the procedures set forth for filing under seal in Local Civil Rule 79-
5.2.2(b) ("Documents Designated by Another as Confidential Pursuant to a
Protective Order.").

2.15   <u>Receiving Party</u>: a Party that receives Discovery Material from a
Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only
Protected Material (as defined above), but also (1) any information copied or
extracted from Protected Material; (2) all copies, excerpts, summaries, or
compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL and that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial or by appropriate motion. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., Section 2.14 above), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material or to each file name. If the Producing Party only seeks to mark a portion of the material on a page as "CONFIDENTIAL," then the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, that the Designating Party specifies the portions of testimony to be designated as "CONFIDENTIAL" (i) on the record before the close of the deposition, or (ii) within 30 days after receipt by counsel for the Designating Party of the final copy of any deposition transcript.  In the same manner, the entirety of testimony at any deposition may be designated as "CONFIDENTIAL," if appropriate.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

        6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

        6.3     Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

        6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS TO EXPERTS.

        7.1     In addition to disclosure to Counsel (as defined in this Order), Professional Vendors (as defined in this Order), and court staff, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**).  Experts (as defined in this Order) may use

Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for purposes related to this Action.  FDA employees who serve as an expert witness or consultant for the Plaintiff in this action are permitted access to Protected Material, but they are not required to sign Exhibit A and nothing in this Order limits their use of such Protected Material to purposes related to this Action (see section 10.4).

8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS LITIGATION

        The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL

        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and any stipulated protective order entered in this Action pursuant to Federal Rule of Evidence Rule 502.

10.     MISCELLANEOUS

        10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

        10.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

1  any ground to use in evidence of any of the material covered by this Protective
2  Order.

3      10.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any
4  Protected Material must comply with Local Civil Rule 79-5. Protected Material
5  may only be filed under seal pursuant to a court order authorizing the sealing of the
6  specific Protected Material at issue. If a Party's request to file Protected Material
7  under seal is denied by the court, then the Receiving Party may file the information
8  in the public record unless otherwise instructed by the court.

9      10.4   Notwithstanding the foregoing, nothing in this Order shall be
10  construed to limit the ability or authority of employees of the United States
11  Department of Justice, the United States Department of Health and Human
12  Services, and the United States Food and Drug Administration to access
13  documents, testimony, or other information received from Defendants in this action.

14      10.5   Nothing in this Order shall impose any restrictions on the use or
15  disclosure of Protected Material by the Department of Justice, HHS, or FDA for
16  law-enforcement or regulatory purposes or pursuant to any legal obligation imposed
17  on the Department, HHS, or FDA, including but not limited to a request from the
18  United States Congress and a request under the Freedom of Information Act.

19  11.   <u>VIOLATION</u>

20      Any violation of this Order may be punished by appropriate measures
21  including, without limitation, contempt proceedings and/or monetary sanctions.

22  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
23

24  Dated:  April 15, 2021          HOGAN LOVELLS US LLP
25
                                   By: <u>*/s/ Jordan D. Teti*</u>
26                                 Michele Sartori (Admitted *Pro Hac Vice*)
                                   Jordan D. Teti
27
                                   Attorneys for Defendant Med-Pharmex, Inc.
28

1

2  Dated:  April 15, 2021          CROWELL & MORING LLP

3                                  By:  */s/ Chalana Damron*

4                                  Chalana N. Damron (Admitted *Pro Hac Vice*)
                                    John Fuson (Admitted *Pro Hac Vice*)
5                                  David Griffith

6                                  Attorneys for Defendants Gerald P. Macedo and
                                    Vinay M. Rangnekar
7

8
   Dated:  April 15, 2021          UNITED STATES OF AMERICA
9
                                    By:  */s/ Rachel Baron*
10                                  Rachel Baron

11                                 Attorneys for Plaintiff United States of America

12

13            LOCAL RULE 5-4.3.4 ATTESTATION

14        I attest and certify that all above-referenced signatories listed, on whose

15  behalf this filing is submitted, concur with the filing's content and have authorized

16  the filing.

17

18
   Dated: April 15, 2021              By:  */s/ Jordan D. Teti*
19                                     Jordan D. Teti

20

21
   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
22
   DATED:    4/16/2021
23

24

25

26  HON. ALEXANDER F. MacKINNON
   United States Magistrate Judge
27

28

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *United States of America v. Med-Pharmex, Inc., et al.*, Case

No.:  2:20-cv-09844-JAK-AFM. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order. I further

agree to submit to the jurisdiction of the United States District Court for the Central

District of California for enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action. I

hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER