HOGAN LOVELLS US LLP
Michele W. Sartori (Admitted *Pro Hac Vice*)
James R. Johnson (Admitted *Pro Hac Vice*)
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
michele.sartori@hoganlovells.com
james.johnson@hoganlovells.com

HOGAN LOVELLS US LLP
Stephanie Yonekura (Bar No. 187131)
Jordan D. Teti (Bar No. 284714)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:  (310) 785-4600
Facsimile:   (310) 785-4601
stephanie.yonekura@hoganlovells.com
jordan.teti@hoganlovells.com

*Attorneys for Defendant*
Med-Pharmex, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MED-PHARMEX, INC., a corporation, GERALD P. MACEDO and VINAY M. RANGNEKAR, PH.D., individuals<br><br>Defendants. | Case No.:  2:20-cv-09844-JAK-AFM<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER UNDER FED. R. EVID. 502(d)(e) AND FED. R. CIV. P. 26(b)(5)**<br><br>*Hon. John A. Kronstadt*<br>*Hon. Alexander F. MacKinnon, U.S. Magistrate Judge* |

1. Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and Fed. R. Civ. P. 26(b)(5) and by Stipulated Protective Order ("Order") of this Court under Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), no disclosure, production, or exchange of Information,[1] whether inadvertent or otherwise, in connection with this Proceeding shall constitute a waiver of the attorney-client privilege, any governmental privilege, or of any work product protection in this or any other federal or state proceeding under any circumstances.

2. This Order applies to all documents and electronically stored information (as those terms are used in Fed. R. Civ. P. 34), the information contained therein, and all other information produced, disclosed, or exchanged by the Parties[2] in connection with this proceeding, whether revealed in a document, electronically stored information, deposition, other testimony, discovery response or otherwise (collectively, "Information").

3. This Order is entered pursuant to Federal Rule of Civil Procedure 26(b)(5) and (c)(1) and is intended to protect the Parties to the Proceeding, to the fullest extent permissible by law, against any unintended waiver of the attorney-client privilege, any governmental privilege, and/or the work product protection that might otherwise arise from the disclosure of privileged or protected Information. Accordingly, this Order should be interpreted to prevent waiver to the broadest extent possible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Further, this Order is intended to override any contrary law or presumptions, if and as applicable and permissible. The Parties' agreement to this Order, and compliance with its terms, shall be understood, for all purposes within and outside this Proceeding, to constitute reasonable and prompt efforts to preserve

---

[1] As defined in Paragraph Two below.
[2] "Party" or "Parties" is used herein as defined in the Stipulated [Proposed] Protective Order submitted to the Court in this matter on April 15, 2021.

privileges and protections from discovery in respect to any disclosed privileged or protected Information.

4. This Order applies regardless of whether the Information describes or relates to actions taken in this Proceeding, in prior or separate proceedings, or in other non-litigation matters.

5. Upon learning of the production of privileged or protected Information, the Party making a production (or "Producing Party") shall promptly give all counsel of record written notice of the production.[3] The notice shall identify the Information that was produced (including by production Bates number, if applicable and the format of the production—e.g., paper, electronically stored information) and the date(s) the Information was produced. If the Producing Party claims that only a portion of a document, electronically stored information or tangible thing produced is privileged or protected Information, the Producing Party shall also provide a new copy of the Information with the allegedly privileged or protected portions redacted. The Producing Party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production and the party receiving Information (or "Receiving Party") agrees to not challenge the reasonableness of such efforts.

6. Upon receiving notice of a production or upon determining that Information it received is known to be privileged or protected in whole or in part, the Receiving Party must promptly return, sequester and/or destroy the Information and all copies and destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged or work product-protected Information. The Receiving Party shall also promptly give notice (pursuant to Footnote 3 hereof) to the Producing Party that shall (i) identify the Information at issue (by production Bates number, if applicable), and (ii) request prompt confirmation or denial of the

---

[3] Notices required to be given under this Order may be made by email to counsel of record in this action.

applicability of any claim of privilege, protection, or immunity from disclosure. If requested in writing by the Producing Party, the Receiving Party shall take reasonable steps to destroy all copies of the Information at issue.

7. If a Receiving Party disputes or believes that it might dispute the claim of privilege or protection, the Receiving Party may retain a copy of the document, record, or data to evaluate such claim of privilege or protection, and the parties shall cooperate to obtain the Court's decision regarding such claim of privilege or protection. The Receiving Party may not use or disclose the privileged or work product-protected Information unless the Court has ruled that the Information is not privileged or protected. If the Receiving Party disclosed the privileged or work product-protected Information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such Information. This duty expires if this Court rules that the Information is not privileged or protected. A Party's compliance with its obligation to destroy potentially privileged Information pursuant to this subsection does not constitute a waiver or impairment of its right to challenge any claim or privilege, protection, or immunity from disclosure before the Court.

8. The Parties shall meet and confer to the extent required under Local Civil Rule 37-1 et seq. prior to filing any motion regarding challenge to an assertion of privilege, protection, or immunity from disclosure.  If the challenge is not resolved by meet and confer, the Party challenging the assertion of privilege, protection, or immunity from disclosure may move for appropriate relief from the Court.  If the Receiving Party challenges a claim that Information disclosed, exchanged, produced, or discussed is privileged or work product-protected, the Receiving Party may, in connection with a good-faith challenge, make reference to the contents of the Information in any submission to the Court, so long as such filing is made under seal.  If requested by the Receiving Party, the Producing Party shall

provide the Information at issue to the Court for *in camera* review unless otherwise ordered by the Court.

9. To the extent that any Party obtains any privileged Information through disclosure or communications, such Information may not be submitted to the Court or presented for admission into evidence or sought in discovery by that Party in this Proceeding or in any other proceeding or action.

10. If the Court sustains the Producing Party's claim that the Information disclosed, exchanged, produced, or discussed is privileged or work product-protected, the Receiving Party must promptly return and/or destroy the Information and all copies and destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged or work-protected information. The Receiving Party shall advise the Producing Party in writing of the return and/or destruction.

11. Nothing in this Order shall be construed to require the production of any Information or communication that a Party contends is protected from disclosure by the attorney-client privilege, any governmental privilege, and/or the work product doctrine.

12. The terms of this Order are not intended to, and do not, supersede any applicable rules of professional ethics or responsibility in connection with the treatment of privileged or potentially privileged information.

Dated: April 15, 2021        HOGAN LOVELLS US LLP

By: */s/ Jordan D. Teti*
Michele Sartori (Admitted *Pro Hac Vice*)
Jordan D. Teti

Attorneys for Defendant Med-Pharmex, Inc.

///

///

///

///

Dated: April 15, 2021

CROWELL & MORING LLP

By: */s/ Chalana Damron*
Chalana N. Damron (Admitted *Pro Hac Vice*)
John H. Fuson (Admitted *Pro Hac Vice*)
David Griffith

Attorneys for Defendants Gerald P. Macedo and Vinay M. Rangnekar

Dated: April 15, 2021

UNITED STATES OF AMERICA

By: */s/ Rachel Baron*
Rachel Baron

Attorneys for Plaintiff United States of America

LOCAL RULE 5-4.3.4 ATTESTATION

I attest and certify that all above-referenced signatories listed, on whose behalf this filing is submitted, concur with the filing's content and have authorized the filing.

Dated: April 15, 2021

By: */s/ Jordan D. Teti*
Jordan D. Teti

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 4/16/2021

_____
HON. ALEXANDER F. MacKINNON
United States Magistrate Judge